**GORLICK, KRAVITZ & LISTHAUS, P.C.**
Joy K. Mele (JM0207)
17 State Street, 4th Floor
New York, New York 10004
jmele@gkllaw.com
Tel. (212) 269-2500
Fax (212) 269-2540
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | |
|---|---|
| CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL WELFARE FUND; CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND; CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL ANNUITY FUND; CEMENT AND CONCRETE WORKERS TRAINING AND APPRENTICESHIP FUND; CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL SCHOLARSHIP FUND; MARGARET BOWEN, in her fiduciary capacity as FUND ADMINISTRATOR; and CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL, | **COMPLAINT** |

                              Plaintiffs,

        - against -

BAROCO CONTRACTING CORPORATION;
NOEL BARRY, in his Personal Capacity,

                              Defendants.

-------------------------------------------------------------------X

Plaintiffs Cement and Concrete Workers District Council Welfare Fund, Cement and Concrete Workers District Council Pension Fund, Cement and Concrete Workers District Council Annuity Fund, Cement and Concrete Workers Training and Apprenticeship Fund, and Cement and Concrete Workers District Council Scholarship Fund (collectively, the "Funds"), Margaret Bowen, in her fiduciary capacity as Fund Administrator ("Bowen"), and Cement and Concrete

Workers District Council (the "Union") (collectively "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., as and for their Complaint against Defendants Baroco Contracting Corporation ("Baroco") and Noel Barry ("Barry"), respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to, *inter alia*, §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended (29 U.S.C. §§ 1132(a)(3) and 1145) by the Funds, and § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) (the "Taft-Hartley Act") by the Union for breach of contract, injunctive relief, and other legal and equitable relief under ERISA.

2.      This Complaint alleges, *inter alia*, that by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Baroco violated one or more contracts between an employer and a labor organization, as defined under the Taft-Hartley Act, the Funds' respective trust agreements, and ERISA.

3.      This Complaint further alleges that Barry exercised unauthorized dominion and control over contributions to the Funds and deductions to the Union by failing, refusing, or neglecting, despite Plaintiffs' demands, to make contributions to the Funds and deduct and remit dues, Organizer Fund and NYSLPAC checkoffs to the Union.

4.      Jurisdiction of this Court is invoked under the following statutes:

      a.      ERISA § 502(e)(1) and (f) (29 U.S.C. § 1132(e)(1) and (f));

      b.      The Taft-Hartley Act § 301 (29 U.S.C. § 185);

      c.      28 U.S.C. § 1331 (federal question);

      d.      28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

       e.       28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue properly lies in this district under ERISA § 502(e)(2) (29 U.S.C.

§ 1132(e)(2)) and the Taft-Hartley Act § 301 (29 U.S.C. § 185(c)) because the Funds and the Union

are administered and maintain their principal offices in this district, the contractual breaches took

place in this district, and Baroco and Barry may be found in this district. Service of process may

be made on Baroco and Barry in any other district in which they may be found pursuant to ERISA

§ 502(e)(2) (29 U.S.C. § 1132(e)(2)) and Rule 4(e) of the Federal Rules of Civil Procedure.

## PARTIES

6.      The Funds are jointly-administered, multi-employer, labor-management trust funds

established and maintained pursuant to various collective bargaining agreements in accordance

with the Taft-Hartley Act §§ 302(c)(5) and (c)(6) (29 U.S.C. § 186(c)(5) and (c)(6)). The Funds

also are employee benefit plans within the meaning of ERISA §§ 3(1), 3(2), 3(3) and 502(d)(1)

(29 U.S.C. §§ 1002(1)-(3), and 1132(d)(1)), and multi-employer plans within the meaning of

ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain

suits as independent legal entities under ERISA § 502(d)(1) (29 U.S.C. § 1132(d)(1)).

7.      The Funds provide fringe benefits to eligible employees on whose behalf employers

in the construction industry contribute to the Funds pursuant to collective bargaining agreements

between such employers and the Union. The Funds are third-party beneficiaries to such collective

bargaining agreements as collectors and trustees of employer contributions made pursuant to these

collective bargaining agreements. The Funds maintain their offices and are administered at 35-30

Francis Lewis Blvd., Suite 201, Flushing, New York 11358.

8.      Plaintiff Bowen is the Funds' Administrator and is a fiduciary of the Funds within the meaning of ERISA §§ 3(21) and 502 (29 U.S.C. §§ 1002(21) and 1132). Bowen brings this action in her fiduciary capacity.

9.      The Union is a labor organization within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185) and represents employees in an industry affecting commerce as defined by the Taft-Hartley Act § 501 (29 U.S.C. § 142) and ERISA § 3(4) (29 U.S.C. § 1002(4)). The Union is administered at its principal office located at 29-18 35th Avenue, Astoria, New York 11106.

10.     The Union collects, in accordance with the collective bargaining agreements, checkoffs from employees who authorize their employers to deduct from their wages dues and contributions to the Organizer Fund, and the New York State Laborers' Political Action Committee ("NYSLPAC") and remit the checkoffs to the Union.

11.     Defendant Baroco is a for-profit domestic corporation doing business in the state of New York as an employer within the meaning of ERISA §§ 3(5) and 515 (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301 (29 U.S.C. § 185). Upon information and belief, Baroco's principal office is located at 577 Saw Mill River Road, Yonkers, New York 10701.

12.     Upon information and belief, Noel Barry is the President of Baroco. Upon information and belief, Barry has an office and regularly transacts business at 577 Saw Mill River Road, Yonkers, New York 10701.

**BACKGROUND FACTS**

13.     At all times relevant to this action, Baroco was a member of The Cement League ("League").

14.     As a member of the League, it is bound by the collective bargaining agreement

between the League and the Union covering the period July 1, 2014 through June 30, 2017, which was extended through June 30, 2020 by the Amendment and Modification to the Collective Bargaining Agreement, dated March 3, 2016 (collectively, the "Agreement").

15.     Among other things, the Agreement requires Baroco to: (i) submit to the Funds reports detailing the number of hours that Baroco employees performed work within the trade and geographic jurisdictions of the Union ("Covered Work"); (ii) make fringe benefit contributions to the Funds based on the number of hours of Covered Work Baroco employees perform; (iii) deduct dues, Organizer Fund and NYSLPAC checkoffs from the wages of employees who performed Covered Work and authorized such deductions in writing; (iv) remit all deducted dues, Organizer Fund and NYSLPAC checkoffs to the Union; (v) permit the Funds and/or their designated representatives to audit Baroco's books and records; and (vi) apply interest and other fees and costs on delinquent fringe benefit contributions and checkoffs.

16.     The Funds performed an audit of Baroco's books and records ("Audit") for the period of April 1, 2018 through February 19, 2019 ("Audit Period"). The Audit revealed there were 3,589.50 hours of Covered Work performed by Baroco employees during the Audit Period for which Baroco failed to comply with its obligations under the Agreement to make fringe benefit contributions to the Funds, and deduct and remit checkoffs to the Union.

17.     By correspondence, dated March 14, 2019, the Funds demanded full and immediate payment of all unpaid amounts revealed through the Audit.

18.     To date, Baroco has not paid the amounts due in the Audit.

19.     Upon information and belief, Baroco continued to perform Covered Work after the Audit Period, and continues to perform Covered Work.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF CONTRACT BY BAROCO FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS DURING THE AUDIT PERIOD)**

20.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21.     Pursuant to the Agreement, Baroco must make fringe benefit contributions to the Funds for each hour of Covered Work performed by Baroco employees as set forth in Article X and XI of the Agreement.

22.     Baroco failed to make contractually mandated fringe benefit contributions for 3,589.50 hours of Covered Work performed by its individual employees during the Audit Period, resulting in a principal fringe benefit contributions delinquency of $92,465.52.

23.     Baroco's failure to make and pay required contributions to the Funds during the Audit Period is a breach of the Agreement.

24.     Article X § 12 of the Agreement requires employers found delinquent in their payment of contributions to the Funds to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

25.     Article X § 12 requires employers delinquent in their payment of contributions to the Funds to pay liquidated damages of twenty percent (20%) of the amount due and owing.

26.     Article X § 12 requires employers delinquent in their payment of contributions to the Funds to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

27.     Article X § 12 of the Agreement provides that in the event where collection of payment is made pursuant to a judgment against the employer, the Funds are entitled to liquidated damages, interest, costs and attorneys' fees pursuant to ERISA.

28.     Accordingly, Baroco is liable to the Funds for failing to make required fringe benefit contributions for Covered Work performed by Baroco employees during the Audit Period in the principal amount of $92,465.52, plus interest, liquidated damages and all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs, and all other contractual and statutory damages.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(CLAIM FOR BREACH OF ERISA OBLIGATIONS BY BAROCO)**

29.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.     ERISA § 515 (29 U.S.C. § 1145) requires employers to make contributions in accordance with the terms and conditions of collective bargaining agreements.

31.     Baroco is an employer under ERISA and is bound by the Agreement.

32.     During the Audit Period, Baroco failed to make fringe benefit contributions to the Funds as required under the Agreement.

33.     Failure to make such payments violates ERISA § 515 (29 U.S.C. § 1145).

34.     Once it is found that an employer has violated ERISA § 515 (29 U.S.C. § 1145), the Court is required by ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) to award the Funds: (i) all unpaid fringe benefit contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Funds' plan; (iv) reasonable attorneys' fees and costs incurred in prosecuting the action; and (v) such other legal and equitable relief as the Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the Funds' plan, or, if none, the rate prescribed under Section 6621 of Title 26 of the United States Code.

35.     Article X § 12 of the Agreement provides for interest on delinquent fringe benefit

contributions at a rate of eighteen percent (18%) per annum.

36.     Article X § 12 provides for liquidated damages at the rate of twenty percent (20%) of the amount owing.

37.     Article X § 12 of the Agreement provides that in the event that formal proceedings to recover unpaid contributions are instituted and the Court renders judgment for the Funds, the employer must pay to the Funds: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages; and (iv) the Funds' attorneys' fees and costs.

38.     Accordingly, Baroco is liable to the Funds for failing to make required fringe benefit contributions for 3,589.50 hours of Covered Work performed by Baroco employees during the Audit Period, plus statutory damages, including interest, liquidated damages, plaintiffs' attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT BY BAROCO FOR FAILURE TO REMIT DUES, ORGANIZER FUND AND NYSLPAC CHECKOFFS DURING THE AUDIT PERIOD)

39.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.     Article IX §§ 1 and 3 of the Agreement requires Baroco to deduct and remit to the Union or to any agency designated by the Union, dues, Organizer Fund and NYSLPAC checkoffs withheld from the wages of employees who perform Covered Work and who authorized such deductions.

41.     Baroco failed to deduct and/or remit to the Union or to any agency designated by the Union, the dues, Organizer Fund and NYSLPAC checkoffs.

42.     During the Audit Period, Baroco failed to deduct and/or remit $21,357.53 from the

wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund and NYSLPAC checkoffs from their wages.

43.     Baroco's failure to deduct and/or remit the dues, Organizer Fund and NYSLPAC checkoffs is a breach of the Agreement.

44.     Article X § 12 of the Agreement requires employers found delinquent in their payment of dues, Organizer Fund and NYSLPAC checkoffs to pay interest on the unpaid amounts at the rate of eighteen percent (18%) per annum.

45.     Article X § 12 requires employers delinquent in their payment of dues, Organizer Fund and NYSLPAC checkoffs to pay liquidated damages on the unpaid amounts at the rate of twenty percent (20%).

46.     Article X § 12 requires employers delinquent in their payment of dues, Organizer Fund and NYSLPAC checkoffs to pay all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees, court costs, and all other contractual damages.

47.     Accordingly, Baroco is liable to the Union for undeducted and/or unremitted dues, Organizer Fund and NYSLPAC checkoffs during the Audit Period in the principal amount of $21,357.53, plus interest, liquidated damages, and all costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees, court costs, and all other contractual and statutory damages.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT BY BAROCO FOR AUDIT COSTS)

48.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49.     Article X § 12 of the Agreement requires employers delinquent in their payment of contributions and checkoffs to pay all costs, including but not limited to reasonable audit and

accounting expenses.

50.     Article X § 12 of the Agreement provides that any employer who is found upon an audit to be substantially delinquent may be charged the full cost of such audit.

51.     During the Audit Period, Baroco failed to make contractually and statutorily mandated fringe benefit contributions for 3,589.50 hours of Covered Work performed by its individual employees during the Audit Period, resulting in a principal fringe benefit contributions delinquency of $92,465.52.

52.     During the Audit Period, Baroco failed to deduct $21,357.53 from the wages of its employees who performed Covered Work and who authorized deductions of dues, Organizer Fund and NYSLPAC checkoffs from their wages and/or remit said checkoffs to the Union.

53.     Accordingly, Baroco is liable under the Agreement to pay to the Funds the full cost of the Audit.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (CLAIM FOR BREACH OF CONTRACT BY BAROCO FOR FAILING TO POST A BOND)

54.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55.     Pursuant to Article X § 9(a) of the Agreement, Baroco is required, *inter alia*, to post a surety bond to ensure payment of contributions that become due and owing to the Funds. Article X § 9(a) provides in relevant part:

> Each Employer shall post a surety bond to insure payment of contributions to the Welfare, Pension and Annuity Funds as follows: The posting of such bond, shall be within the discretion of the District Council. In lieu of a bond or as a supplement to a bond an Employer may furnish a cash alternative in the amount of the bond required.

> *Number of Members*              *Amount*
> *Of Bargaining Unit*             *of Bond*

|                                                      |             |
|------------------------------------------------------|-------------|
| Employers employing up to and including fifteen (15) Employees | $50,000.00 |
| Employers employing over Fifteen (15) Employees      | $75,000.00  |

56.     Upon information and belief, Baroco has not posted a bond or provided the Funds or the Union with a cash alternative.

57.     The failure, refusal, or neglect of Baroco to post the required bond or cash alternative is a breach of the Agreement.

58.     Accordingly, pursuant to Article X § 9(a) of the Agreement, Baroco is required to post a bond or furnish a cash alternative in the amount of the bond.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### (DEMAND FOR AN ORDER DIRECTING BAROCO TO PERMIT AN AUDIT OF ITS BOOKS AND RECORDS)

59.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60.     Article X § 11 of the CBA requires Baroco to retain, for a minimum period of six (6) years, payroll and related records necessary for the conduct of a proper audit in order that a designated representative of the Trustees may make periodic review to confirm that contributions owed pursuant to the Agreement are paid in full.

61.     In addition, ERISA requires every employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

62.     Pursuant to Article X § 12 of the Agreement, Baroco is required, *inter alia*, to permit and cooperate with the Funds and/or their designated representative in the conduct of audits of its books and records, which include, without limitation:

> [A]ll payrolls and payroll ledgers including office payrolls, yard payrolls, New York payrolls, New Jersey payrolls, computer payroll printouts, W-2 forms, quarterly payroll tax returns (Form 941), quarterly state payroll tax returns (Form NYS 45), annual federal and state tax returns, journals, purchase journals, New York State employment records, insurance company reports, employer remittance reports, payroll and supporting checks, ledgers, expense vouchers, 1099 forms, cash disbursements, check register, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, checks in support of any governmental filings or tax payments, remittance reports and checks in support thereof and any other documentation concerning payment of fringe benefit contributions […] and any other items concerning payrolls.

63.     Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an order directing Baroco to permit and cooperate with the Funds and/or their designated representative in the conduct of an audit of Baroco's books and records for the period of February 20, 2019 through the present.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### (CLAIM FOR FRINGE BENEFIT CONTRIBUTIONS, DUES, ORGANIZER FUND AND NYSLPAC CHECKOFFS, AUDIT COSTS, AND OTHER DAMAGES FOUND PURSUANT TO AN AUDIT OF BAROCO)

64.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

65.     The Agreement requires Baroco to pay fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs found due and owing pursuant to an audit.

66.     Pursuant to Article X § 12 of the Agreement, if such audit reveals a deficiency in the payment of fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs paid to the Funds and/or the Union during the period of the audit, Baroco must pay to the Funds and Union all delinquent fringe benefit contributions and checkoffs, plus interest, liquidated damages, and costs, including but not limited to reasonable audit and accounting expenses, witness costs, attorneys' fees and court costs.

67.     Accordingly, Baroco is liable to the Funds and the Union for all unpaid fringe benefit contributions and dues, Organizer Fund and NYSLPAC checkoffs found due and owing pursuant to an audit for the period of February 20, 2019 through the present, plus interest, liquidated damages, reasonable audit and accounting expenses, audit costs, witness costs, attorneys' fees and court costs, all other contractual and statutory damages, and such other legal and equitable relief as the Court deems appropriate pursuant to § 502(g)(2) of ERISA (29 U.S.C. § 1132) and the Agreement.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF AGAINST BAROCO)

68.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 67 of this Complaint, as if fully set forth herein.

69.     Pursuant to the Agreement, Baroco is required to timely pay fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs to the Funds and the Union, timely submit all required reports to the Funds and the Union, and permit and cooperate in the conduct of audits of Baroco's books and records for so long as it remains obligated to do so pursuant to the Agreement.

70.     Article X § 15 of the Agreement provides that "[w]here payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the . . . Funds to have the court enter an order permanently enjoining the employer . . . for the remaining term of the Agreement from failing, refusing or neglecting to submit the required Employer remittance reports and/or to pay the required contributions to [the] . . . Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of this Agreement."

71.     Baroco has failed to timely pay fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs to the Funds and the Union, and timely submit all required reports

13

to the Funds and the Union, and is currently in breach of its obligations under the Agreement.

72.     Upon information and belief, Baroco continues to perform Covered Work under the Agreement.

73.     Baroco's prior and current conduct in failing to make the required payments under the Agreement demonstrates a significant likelihood that Baroco will continue to breach the terms of the Agreement.

74.     In the absence of injunctive relief, the Funds and the Union have no adequate remedy at law to ensure that Baroco will adhere to the terms of the Agreement now and in the future.

75.     The Funds and the Union will suffer immediate and irreparable injury unless the Court issues an injunction that requires Baroco, now and for as long as it remains bound by the Agreement, and its officers, agents, servants and employees to pay and/or submit to the Funds and/or the Union the required monetary contributions, dues, Organizer Fund and NYSLPAC checkoffs, and permit and cooperate in the conduct of audits.

76.     Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Baroco, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds and/or the Union the required contributions and checkoffs, and permit and cooperate in the conduct of audits for so long as Baroco remains obligated to do so pursuant to the Agreement.

## AS AND FOR A NINTH CLAIM FOR RELIEF
### (CLAIM FOR INJUNCTIVE RELIEF AGAINST BAROCO UNDER ERISA)

77.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1

through 76 of this Complaint, as if fully set forth herein.

78.     Pursuant to the Agreement, Baroco is required to timely pay fringe benefit contributions to the Funds, timely submit all required reports to the Funds, and permit and cooperate in the conduct of audits of Baroco's books and records for so long as it remains obligated to do so pursuant to the Agreement.

79.     Article X § 15 of the Agreement provides that "[w]here payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the . . . Funds to have the court enter an order permanently enjoining the employer . . . for the remaining term of the Agreement from failing, refusing or neglecting to submit the required Employer remittance reports and/or to pay the required contributions to [the] . . . Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of this Agreement."

80.     Baroco has failed to timely pay fringe benefit contributions to the Funds, and timely submit all required reports to the Funds, and is currently in breach of its obligations under the Agreement.

81.     Baroco's breach of its obligation to make fringe benefit contributions under the Agreement is also a breach of Baroco's statutory obligations under ERISA.

82.     Baroco's prior and current conduct in failing to make the required contributions under the Agreement, in violation of its ERISA obligations, demonstrates a significant likelihood that Baroco will continue to violate ERISA in the future.

83.     In the absence of injunctive relief, the Funds have no adequate remedy at law to ensure that Baroco will adhere to the terms of the Agreement and abide by its statutory obligations now and in the future.

84.     The Funds will suffer immediate and irreparable injury unless the Court issues an

injunction that requires Baroco, now and for as long as it remains bound by the Agreement, and its officers, agents, servants and employees to pay and/or submit to the Funds the required monetary contributions and checkoffs, and permit and cooperate in the conduct of audits for as long as it remains obligated to do so under ERISA.

85.     Accordingly, Plaintiffs request that the Court issue an injunction permanently enjoining Baroco, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required contributions and checkoffs, and permit and cooperate in the conduct of audits for so long as Baroco remains obligated to do so under ERISA.

## AS AND FOR A TENTH CLAIM FOR RELIEF
## (CLAIM FOR CONVERSION AGAINST BARRY)

86.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 85 of this Complaint, as if fully set forth herein.

87.     Article IX §§ 1 and 3 of the Agreement requires Baroco to deduct and remit to the Union or to any agency designated by the Union, dues, Organizer Fund and NYSLPAC checkoffs withheld from the wages of employees who perform Covered Work and who authorized such deductions.

88.     Upon information and belief, Barry deducted and/or directed that $21,357.53 in authorized dues, Organizer Fund and NYSLPAC checkoffs be withheld from the wages of Baroco's employees for hours worked during the Audit Period.

89.     Upon information and belief, Barry used and/or directed that the withheld deductions be used to pay Barco's expenses and creditors, rather than forwarding those monies to the Union as the Agreement requires.

90.     As a result, Barry unlawfully and without consent converted the deductions for dues, Organizer Fund and NYSLPAC checkoffs, and is, therefore personally liable in the amount of $21,357.53 for unremitted dues, Organizer Fund and NYSLPAC checkoffs for the Audit Period, plus interest at the CPLR § 5004 statutory rate of nine percent (9%) annually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

1)     against Baroco:

    a)     for payment of delinquent fringe benefit contributions in the principal amount of $92,465.52 for the time period of April 1, 2018 through February 19, 2019;

    b)     for payment of all required dues, Organizer Fund and NYSLPAC checkoffs in the amount of $21,357.53 for the time period of April 1, 2018 through February 19, 2019;

    c)     for interest on the delinquent fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs from the time such contributions and checkoffs were due to the date of payment at the rate of eighteen (18%) per annum;

    d)     for liquidated damages on the delinquent fringe benefit contributions, and dues, Organizer Fund and NYSLPAC checkoffs at the rate of twenty percent (20%);

    e)     for all ERISA damages pursuant to 29 U.S.C. § 1132(g);

    f)     for all reasonable audit and accounting expenses;

    g)     for all audit costs;

    h)     for all witness costs;

    i)     for Plaintiffs' attorneys' fees and costs;

    j)     for an Order requiring Baroco to post a bond or provide a cash alternative;

    k)     for an Order requiring Baroco to cooperate with the Funds in an audit of its books and records for the time period of February 20,

2019 through the present;

l) for an Order requiring payment of all fringe benefit contributions, dues, Organizer Fund and NYSLPAC checkoffs, and all contractual and statutory damages found due and owing pursuant to an audit for the period of February 20, 2019 through the present;

m) for an Order permanently enjoining Baroco, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise, for so long as they remain obligated to contribute to the Funds and the Union, from failing, refusing or neglecting to pay and/or submit to the Funds and the Union the required monetary contributions, and dues, Organizer Fund and NYSLPAC checkoffs, and permit and cooperate in the conduct of audits for so long as Baroco remains obligated to do so pursuant to the Agreement;

n) for an Order permanently enjoining Baroco, its agents, representatives, directors, officers, stockholders, employees, successors and assigns and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit to the Funds the required monetary contributions, and permit and cooperate in the conduct of audits for so long as Baroco remains obligated to do so pursuant to ERISA; and

o) for such other and further relief as the Court deems just and proper.

2) against Barry:

a) for payment of converted principal dues, Organizer Fund and NYSLPAC checkoffs for the time period of April 1, 2018 through February 19, 2019, plus interest from the time such amount was converted until paid at the rate set by CPLR § 5004; and

b) for such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 11, 2019

GORLICK, KRAVITZ & LISTHAUS, P.C.
*Attorneys for Plaintiffs*

By: _____
     Joy K. Mele (JM0207)
     17 State Street, 4th Floor
     New York, New York 10004
     jmele@gkllaw.com
     Tel. (212) 269-2500
     Fax. (212) 269-2540